**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD MIZZELL, Appellant.** [639 NYS2d 198]

Memorandum: The record fails to support the contention that defendant was denied effective assistance of counsel because his third trial counsel had consulted with him only once prior to the *Huntley* hearing. Defense counsel had consulted with defendant before a court appearance some two months before the hearing and, at the outset of the hearing, advised Supreme Court that he was ready to proceed. He conducted an effective cross-examination of the only witness to testify at the hearing, and there is no evidence that he was unfamiliar with the facts of the case or unprepared for the hearing. Defendant pleaded guilty in exchange for a sentence promise of the minimum term of imprisonment authorized by law. We conclude that, considered in its entirety, counsel's representation of defendant was meaningful (*see, People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Supreme Court, Monroe County, Sirkin, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.

**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARNELL MOSLEY, Appellant.** [639 NYS2d 752]

Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.